IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENDA PATRON-RETTICK,　　　　　　　　No. C 13-0234 SI

　　　　Plaintiff,　　　　　　　　　　　　　　**ORDER TO SHOW CAUSE**

　　v.

JOHN NAKAMOTO and PETER NGUYEN,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　/

　　　　On November 29, 2012, *pro se* plaintiff Glenda Patron-Rettick filed this case in the United States District Court for the Eastern District of California, alleging negligence against two current or former employees of Santa Clara County. The case was transferred to this Court because the defendants both appear to reside in San Jose, California, and the events giving rise to plaintiff's allegations occurred in San Jose, California. The Court has reviewed plaintiff's complaint, and other material filed in the case, and has preliminarily concluded that this Court lacks subject matter jurisdiction.

　　　　A United States federal district court has an ongoing and "independent duty to ensure its own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is no federal jurisdiction where plaintiff's claim relies exclusively on state law. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

Plaintiff's complaint alleges that she was injured by Marc David Butler, a parolee who was under the supervision of defendant John Nakamoto, and later defendant Peter Nguyen. Plaintiff alleges that she hired Butler to perform housework, but that he later attacked and injured her. Plaintiff alleges that defendants – Butler's parole officers – were negligent in supervising Butler and that it was their negligence which caused her injuries. Plaintiff seeks $1,475,000 in punitive damages and other damages.

To be sure, plaintiff has suffered greatly from this attack and her allegations are to be taken very seriously. And plaintiff may be able to seek redress for her injuries in the courts of the State of California. However, because only state law claims are alleged, her complaint presents no federal question over which this federal court has jurisdiction.

Further, there is no diversity jurisdiction in this case because the parties are all citizens of California. Plaintiff resides in Bakersfield, California, and defendants reside in San Jose, California. On the civil cover sheet, plaintiff indicated that the United States Government is a defendant. *See* Dkt. 2. However, the named defendants are or were employees of Santa Clara County, not the United States government. There is no allegation that they are United States employees or were acting under the supervision or control of the United States. In some circumstances, federal courts may have jurisdiction over claims against state and local government officials acting under color of law for violations of federal law or federal Constitutional rights. *See* 42 U.S.C. § 1983. Here, however, there are only allegations of negligence under California law.

A federal district court cannot preside over a case for which it lacks jurisdiction. Accordingly, plaintiff is hereby **ORDERED TO SHOW CAUSE, in a writing to be filed no later than July 29, 2013, why this case should not be dismissed for lack of federal subject matter jurisdiction**.

**IT IS SO ORDERED.**

Dated: July 11, 2013

SUSAN ILLSTON
United States District Judge

2